**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | **)** ) ) | |
| 801 Market St. Ste. 1000 Philadelphia, PA 19107 | ) ) **)** **)** | |
| Plaintiff, | **)** **)** | Civil Action No. 2:25-cv-310 |
| v. | **)** **)** | |
| SUPPORT CENTER FOR CHILD ADVOCATES, | **)** ) ) | **COMPLAINT** |
| 1617 JFK Blvd., Ste. 1200 Philadelphia, PA 19103 | ) ) **)** | |
| Defendant. | **)** **)** ) | |

**NATURE OF THE ACTION**

The U.S. Equal Employment Opportunity Commission ("Plaintiff," "the Commission," or "EEOC") brings this action against Support Center for Child Advocates ("Defendant") under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a)(1) ("Title VII"), as amended by the Pregnancy Discrimination Act, 42 U.S.C. § 2000e(k) ("PDA"), and Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a, to correct unlawful employment practices on the basis of sex and to provide appropriate relief to Meghan Seitz ("Seitz"). As alleged below, Defendant violated Title VII by failing to grant Seitz's request, necessitated by her high-risk pregnancy during the COVID-19 pandemic, to be exempted from Defendant's policy requiring in-office attendance three days per week, while providing the same accommodation to a non-pregnant employee, resulting in Seitz's constructive discharge.

## JURISDICTION AND VENUE

1.        Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.        The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Eastern District of Pennsylvania.

## PARTIES

3.        Plaintiff is the agency of the United States of America charged with the administration, interpretation, and enforcement of, *inter alia*, Title VII, and is expressly authorized to bring this action pursuant to Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1), (3).

4.        At all relevant times, Defendant, a Pennsylvania corporation, has continuously been doing business in Philadelphia, Pennsylvania, and has continuously had at least 50 employees.

5.        At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Section 701(b), (g), and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## CONDITIONS PRECEDENT

6.        All conditions precedent to the institution of this lawsuit have been fulfilled.

7.        More than thirty days prior to the institution of this lawsuit, Seitz filed a Charge of Discrimination with the EEOC alleging violations of Title VII.

8.        On July 31, 2024, the EEOC issued to Defendant a Letter of Determination finding reasonable cause to believe that Defendant had violated Title VII by failing to accommodate Seitz's

pregnancy despite accommodating a non-pregnant employee similar in her ability or inability to work, and by constructively discharging Seitz.

9.     The EEOC's Letter of Determination invited Defendant to join with the EEOC in informal methods of conciliation to endeavor to resolve the discrimination found to have occurred.

10.     After issuing its Letter of Determination, the EEOC engaged in communications with Defendant to provide it the opportunity to remedy the unlawful employment practices identified in the Letter of Determination.

11.     The EEOC and Defendant were unable to reach agreement through the conciliation process.

12.     The EEOC issued Defendant a Notice of Conciliation Failure on October 31, 2024, with respect to the Letter of Determination issued on July 31, 2024.

## STATEMENT OF CLAIMS

13.     Defendant is a nonprofit that provides legal assistance and social workers to children in Philadelphia County.

14.     Defendant hired Seitz as a Child Advocate Social Worker in January 2019. She remained in this position through her entire period of employment.

15.     As a Child Advocate Social Worker, Seitz was required to attend in-person home visits and court appearances for her clients and to undertake case management and coordination from her desk.

16.     In March 2020, Defendant moved its operations entirely online in response to the COVID-19 pandemic.

17.     In August 2021, Defendant began encouraging employees to attend home visits and court appearances in person, with all other duties conducted remotely.

18.     In December 2021, Seitz learned she was pregnant. Her doctor informed her that her pregnancy was high risk because of her age and told her to avoid exposure to COVID-19 as much as possible.

19.     Pregnancy is a condition that affects the immune system.

20.     In December 2021, Seitz informed Defendant she was pregnant.

21.     In December 2021, Seitz asked Defendant's Human Resources department for permission to work remotely because having COVID-19 could be detrimental to her pregnancy, and she made clear her willingness to still conduct home visits and make court appearances in person.

22.     Seitz met with Defendant's Human Resources representative, Mashira Stevens, on January 5, 2022, and reiterated her request for remote work with the exception of home visits and court appearances as an accommodation for her pregnancy.

23.     In her January 5, 2022, meeting with Stevens, Seitz submitted a letter from her fertility doctor stating that Seitz's "risk for COVID-19 infection is greater due to her pregnancy" and that "[h]er ability to complete activities is currently limited" due to potential exposure to COVID-19.

24.     Defendant took no action on Seitz's requests described in paragraphs 21 and 22.

25.     On February 22, 2022, Defendant required its employees to begin working in the office three days a week with the flexibility to select which days.

26.     On February 22, 2022, Seitz again met with Stevens and requested that she be exempted from the February 22, 2022 directive until she met with her doctor.

27.     On February 25, 2022, Seitz provided Stevens with an additional doctor's note stating, "Please allow some accommodations to work remotely to limit exposures to Covid."

28.     On February 25, 2022, Seitz reiterated her request to Stevens to work remotely with the exception of home visits or court appearances to limit her exposure to COVID-19 while pregnant.

29.     Stevens emailed Seitz's request to Executive Director Frank Cervone, Director of Social Work Jessica Jones, and Social Worker Supervisor Briana Ventimiglia (the "management team").

30.     Stevens informed the management team that Seitz was willing to attend home visits and court appearances in person but would "like to have flexibility with working from home and not be mandated to work in the office."

31.     The management team told Stevens the request was denied and to request additional information from Seitz.

32.     Stevens informed Seitz that her request was denied and that she needed to provide "more specificity" for Defendant to further consider her accommodation request.

33.     On March 7, 2022, Seitz submitted a letter to Stevens requesting that "administrative tasks, meetings, and trainings be conducted remotely."

34.     As required by Defendant's mandate, Seitz continued to work in-person three days a week while waiting for Defendant's response to her accommodation request.

35.     Defendant's COVID-19 guidelines mandated that individuals wear masks when in common areas.

36.     While working in the office, Seitz observed co-workers failing to wear masks.

37.     Seitz shared an office with an individual who did not wear a mask while in close proximity to her.

38.     After she submitted the letter described in paragraph 33, Seitz repeatedly followed

up with Defendant to ask about the status of her accommodation request.

39.     After receiving Seitz's March 7, 2022, letter, Defendant did not respond to her request for accommodation.

40.     After receiving Seitz's March 7, 2022, letter, Defendant did not request additional information from her.

41.     Seitz feared for her health and the health of her baby and, as a result, on March 25, 2022, she submitted a resignation letter to Defendant.

42.     From November 10, 2021, and continuing through at least March 25, 2022, Shoshi Goldfus worked for Defendant as a social worker. In her role, she undertook the responsibilities of a social worker.

43.     On or about November 10, 2021, Defendant's Human Resources representative, Mashira Stevens, provided a letter to Goldfus stating, "We have approved the following accommodation(s): Work from home as needed …. [T]hese accommodations will be implemented and effective immediately."

44.     Goldfus required the accommodation described in paragraph 43 to protect herself from exposure to COVID-19 because of a medical condition that affects her immune system. At no point from December 2021 through March 25, 2022, did Goldfus inform Defendant that she was pregnant.

45.     Starting in November 2021, Goldfus' schedule was to work from home unless she had a home visit or court appearance.

46.     During the rise of the Omicron variant of COVID-19, in late 2021 and early 2022, Defendant allowed Goldfus to work remotely at all times, exempting her from home visits and court appearances.

47.    During the period of time when Defendant was providing Goldfus with the accommodation described in paragraph 46, Seitz was seeking approval of her pregnancy accommodation to allow her to work from home except for home visits and court appearances.

48.    After the Omicron variant of COVID-19 subsided in early 2022, Defendant continued to accommodate Goldfus by providing the accommodation described in its November 10, 2021, letter to her. This included allowing her to work remotely except for home visits and court appearances.

49.    Goldfus received the accommodation described in paragraphs 43 and 48 during the period of time when Seitz was seeking approval of her pregnancy accommodation to allow her to work from home except for home visits and court appearances.

50.    Goldfus received the accommodation described in paragraph 48 until at least 2024.

51.    During the period of time when Seitz was seeking the approval of her pregnancy accommodation, Goldfus was similar to Seitz in her ability or inability to work.

### Cause of Action: Discrimination on the Basis of Sex in Violation of Title VII (42 U.S.C. § 2000e-2(a)(1)) and the Pregnancy Discrimination Act (42 U.S.C. § 2000e(k))

52.    EEOC hereby repeats and incorporates by reference the foregoing allegations.

53.    From on or about December 2021, Defendant has engaged in the following unlawful employment practices against Seitz, in violation of Sections 701(k) and 703(a) of Title VII and the PDA, 42 U.S.C. §§2000e(k) and 2000e-2(a):

  a.  Depriving Seitz of workplace accommodations that were provided to at least one other non-pregnant employee similar in her ability or inability to work, and

  b.  Constructively discharging Seitz by creating conditions so unpleasant or difficult that a reasonable person would have felt compelled to resign.

54.     The effect of the practices complained of above has been to deprive Seitz of equal employment opportunities and to otherwise adversely affect her status as an employee because of her sex.

55.     The unlawful practices complained of above were and are intentional.

56.     The unlawful practices complained of above were done with malice or with reckless indifference to the federally protected rights of Seitz.

57.     The unlawful employment practices contained of above caused Seitz emotional and mental anguish, pain and suffering, stress, humiliation, and frustration.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.     Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, assignees, and all persons in active concert or participation with Defendant, from engaging in any employment practice that discriminates on the basis of sex, including discrimination on the basis of pregnancy.

B.     Order Defendant to institute and carry out policies, practices and programs that provide equal employment opportunities for women and pregnant workers, and which eradicate the effects of Defendant's past and present unlawful employment practices.

C.     Order Defendant to make Seitz whole by providing appropriate backpay and lost benefits with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices described above.

D.     Order Defendant to make Seitz whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above.

E.     Order Defendant to make Seitz whole by providing compensation for past and

future non-pecuniary losses, resulting from the unlawful employment practices described above, including emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, embarrassment, frustration, and humiliation, in an amount to be proved at trial.

       F.       Order Defendant to pay Seitz punitive damages for the malicious and reckless conduct described above, in amounts to be determined at trial.

       G.       Grant such further relief as this Court deems necessary and proper in the public interest.

       H.       Award the Commission its costs of this action.

JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Respectfully submitted,

KARLA GILBRIDE
General Counsel

CHRISTOPHER LAGE
Deputy General Counsel

GWENDOLYN REAMS
Associate General Counsel

/s/ Debra M. Lawrence
DEBRA M. LAWRENCE
Regional Attorney
Maryland Bar No. 04312

/s/ Maria Luisa Morocco
MARIA LUISA MOROCCO
Assistant Regional Attorney
EEOC Washington Field Office
131 M Street, N.E., Suite 4NWO2F
Washington, D.C. 20507
maria.morocco@eeoc.gov
Phone: 202-419-0724
Virginia Bar No. 94043

/s/ R. Sam Wallace
R. SAM WALLACE
Trial Attorney
EEOC
Philadelphia District Office
801 Market St., Suite 1300
Philadelphia, PA 19107
sam.wallace@eeoc.gov
Phone: 267.589.9762
Fax: 215.440.2848
Pennsylvania Bar No. 330767

Date: January 17, 2025